IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA BARBOR and BENJAMIN REID,<br><br>        Plaintiffs,<br><br>    v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>        Defendant. | CIVIL ACTION<br>NO. 24-521 |

**OPINION**

**Slomsky, J.**                                                                                              **August 6, 2024**

**I.    INTRODUCTION**

      This action concerns a bad faith claim arising from damage to a property in the suburbs of Philadelphia, Pennsylvania. (See Doc. No. 15.) Defendant State Farm Fire and Casualty Company ("Defendant") issued to Plaintiffs Alicia Barbor and Benjamin Reid ("Plaintiffs") an insurance policy covering their real and personal property in Horsham, Pennsylvania. (See id. at ¶¶ 1, 6.) While the policy was in effect, Plaintiffs suffered loss and damage to their property. (Id. at ¶ 7.) Subsequently, Plaintiffs submitted to Defendant a demand for benefits, which was denied. (Id. at ¶ 8.)

      On December 20, 2023, Plaintiffs filed suit in the Court of Common Pleas of Philadelphia County, Pennsylvania, alleging claims for breach of contract ("Count I") and bad faith pursuant to 42 Pa.C.S.A. § 8371 ("Count II"). (See Doc. No. 18 at 2.)  On February 5, 2024, Defendant removed this action to federal court. (Doc. No. 1.)  On February 22, 2024, Plaintiffs filed an

1

Amended Complaint. (Doc. No. 7.) On March 21, 2024, Plaintiffs filed a Second Amended Complaint ("SAC"). (Doc. No. 15.) On April 4, 2024, Defendant filed a Motion to Dismiss Count II of the Second Amended Complaint, and Plaintiffs filed a Reply. (Doc. Nos. 18, 22.) For reasons that follow, the Court will grant Defendant's Motion to Dismiss Count II of the Second Amended Complaint. (Doc. No. 18.)

## II.     BACKGROUND

Plaintiffs own real property located at 6 Pin Oak Lane, Horsham, Pennsylvania (the "Property"). (See Doc. No. 15 at 2.) To insure their property, Plaintiffs applied to Defendant for an insurance policy. (See id.) Defendant issued a policy numbered 38-E9-Q648-6 to Plaintiffs (the "Policy"). (See id. at 14.) The Policy included the following coverage and limits:

### SECTION 1 – PROPERTY COVERAGES AND LIMITS

| Coverage | Limit of Liability |
|---|---|
| A. Dwelling | $454,100 |
| Other Structures | $45,410 |
| B. Personal Property | $340,575 |
| C. Loss of Use | $136,230 |
| **Additional Coverages** | |
| Arson Reward | $1,000 |
| Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money | $1,000 |
| Debris Removal | Additional 5% available/$1,000 tree debris |
| Fire Department Service Charge | $500 per occurrence |
| Fuel Oil Release | $10,000 |

        Locks and Remote Devices                              $1,000

        Trees, Shrubs, and Landscaping      5% of Coverage A amount/$750 per

Item

\* \* \*

**ADDITIONAL MESSAGES**

\* \* \*

Your policy consists of these Declarations, the Homeowners Policy shown above, and any other forms and endorsements that apply, including those shown above as well as those issued subsequent to the issuance of this policy.

(Id. at 9-12.)

On or about June 27, 2023, a storm caused damage to Plaintiffs' property. (See id. at ¶ 7.) Plaintiffs notified Defendant of their losses and submitted a claim. (See id. at ¶ 8.) Next, Plaintiffs hired Adjuster Craig Mutchnick to inspect the Property. (See id. at 14.) On September 6, 2023, Adjuster Mutchnick concluded that the damage totaled $32,567.92. (Id. at 19-20.) On October 5, 2023, Plaintiffs assert that Defendant sent Plaintiffs correspondence stating that the "loss caused by [the] storm damage . . . was not entitled to benefits due and owing under the Policy." (Id. at 4.)

On December 20, 2023, Plaintiffs filed suit in the Court of Common Pleas of Philadelphia County, Pennsylvania, alleging claims for breach of contract ("Count I") and bad faith pursuant to 42 Pa.C.S.A. § 8371 ("Count II"). (See Doc. No. 1-4.) On February 5, 2024, Defendant removed this action to federal court based on diversity of citizenship jurisdiction.[1] (Doc. No. 1.) On

---

[1] In the Second Amended Complaint, Plaintiffs claim that federal jurisdiction is improper because the amount in controversy requirement of 28 U.S.C. § 1332 is not met. (See Doc. No. 15.) Since then, this Court has issued an Order Denying Plaintiff's Motion to Remand to State Court (Doc. No. 20), declaring that removal was appropriate. As such, these claims will not be addressed again here.

3

February 22, 2024, Plaintiffs filed an Amended Complaint (Doc. No. 7) and on March 21, 2024, Plaintiffs filed the SAC (Doc. No. 15), which is the operative Complaint in this case.

On April 4, 2024, Defendant filed a Motion to Dismiss Count II of the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 18.) Defendant submits that Plaintiffs have not alleged sufficiently specific facts to support the bad faith claim. (See id.) On April 18, 2024, Plaintiffs filed a Response in Opposition to the Motion. (Doc. No. 21.) On April 25, 2024, Defendant filed a Reply. (Doc. No. 22.) For the following reasons, the Motion to Dismiss Count II of the SAC will be granted.

### III.   STANDARD OF REVIEW

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009). After Iqbal it is clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 663; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Iqbal, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Iqbal, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678).

Applying the principles of Iqbal and Twombly, the Third Circuit in Santiago v. Warminster Twp., 629 F.3d 121 (3d Cir. 2010), set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss:

> First, the court must 'take[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Id. at 130 (quoting Iqbal, 556 U.S. at 675, 679). The inquiry is normally broken into three parts: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A complaint must do more than allege a plaintiff's entitlement to relief; it must "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (citing Phillips v. Cnty. Of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citation omitted). The "plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## IV.   ANALYSIS

In the SAC, Plaintiffs allege that Defendant acted in bad faith through its handling of Plaintiffs' insurance claim, in violation of 42 Pa. Cons. Stat. Ann. § 8371. (Doc. No. 15 at ¶¶ 16-19.) Plaintiffs' allegations of bad faith are numerous and are as follows:

  a. … sending correspondence on October 5, 2023, falsely representing that Plaintiff's loss caused by a storm damage, a peril insured against under the Policy, was not entitled to benefits due and owing under the Policy;

b. … refusing to accept evidence of causation that Plaintiff's siding was damaged during by the storm and falling debris from the chimney after it was struck by lightning;

c. … failing to complete a prompt and thorough investigation of Plaintiff's claim before representing that such claim is not covered under the Policy, despite being provided sufficient evidence by Plaintiff and their agent, Craig Mutchnick, to support coverage for this claim;

d. … failing to pay Plaintiff's covered loss in a prompt and timely manner by withholding payment for this covered loss for nearly nine (9) months;

e. … failing to objectively and fairly evaluate Plaintiff's claim by blatantly ignoring evidence provided by Plaintiff and their agent, Craig Mutchnick;

f. … conducting an unfair and unreasonable investigation of Plaintiff's claim by refusing to accept evidence from Plaintiff and their agent, Craig Mutchnick, which supported a determination that Plaintiff's damage was caused by storm damage, a covered peril under the Policy;

g. … asserting Policy defenses without a reasonable basis in fact when denying Plaintiff's claim, including but not limited to Defendant's October 5, 2023, letter to Plaintiff;

h. … flatly misrepresenting pertinent facts or policy provisions relating to coverages at issue and placing unduly restrictive interpretations on the Policy and/or claim forms in Defendant's October 5, 2023, letter to Plaintiff;

i. … unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or their representatives by intentionally rejecting evidence demonstrating the scope of damages produced by Plaintiff's agent, Craig Mutchnick;

j. … failing to promptly provide a reasonable factual explanation of the basis for the denial of Plaintiff's claim;

k. … unreasonably withholding policy benefits for nearly nine (9) months;

> l. … unnecessarily and unreasonably compelling Plaintiff to institute this lawsuit to obtain policy benefits for a covered loss, that Defendant should have paid promptly and without the necessity of litigation."

(Id. at ¶ 18.)

In the Motion to Dismiss, Defendant submits that these allegations are conclusory and fail to allege sufficient facts to support the bad faith claim. (Doc. No. 18 at ¶ 14.) In particular, Defendant argues that the SAC fails to "provide the factual allegations necessary to show how State Farm allegedly acted without a reasonable basis, and/or knew or recklessly [dis]regarded its alleged lack of reasonable basis for its claims handling, what policy terms were misrepresented, or any facts supporting delays." (Id. at ¶ 15.) (emphasis in original).

The Court agrees that Plaintiffs have failed to state a plausible claim of bad faith. As such, the Court will grant Defendant's Motion and dismiss Count II of the SAC. However, the Court will grant Plaintiffs' request for leave to amend the SAC.

**A. Plaintiffs Have Failed to Sufficiently Allege Bad Faith (Count II)**

Plaintiff's Second Amended Complaint fails to plead sufficient facts to support a plausible bad faith claim. Pennsylvania's bad faith statute provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured the court may take all of the following actions:
> > (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> >
> > (2) Award punitive damages against the insurer.
> >
> > (3) Assess court costs and attorney fees against the insurer.

42 Pa. Const. Stat. § 8371. The statute does not define "bad faith," but the Pennsylvania Superior Court defines bad faith on the part of an insurer as "any frivolous or unfounded refusal to pay the

7

proceeds of a policy." Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (quoting Bad Faith, Black's Law Dictionary (6th ed. 1990)).

The bad faith standard requires an insured to prove with clear and convincing evidence that "(1) the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly [dis]disregarded its lack of reasonable basis." Klinger v. State Farm Mut. Auto Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (citing Terletsky, 649 A.2d at 688)).[2] Bad faith claims are fact-specific and turn on the conduct of the insurer toward the insured. Dougherty v. Allstate Prop. And Cas. Ins. Co., 185 F.Supp.3d 585, 598 (E.D. Pa. 2016) (citing Condio v. Erie Ins. Exch., 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006)). Because bad faith claims are fact specific, to survive a motion to dismiss "a plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." Toner v. GEICO Ins. Co., 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (citing Smith v. State Farm Mut. Auto. Ins. Co., 506 F. App'x 133, 136 (3d Cir. 2012)). To that end, "[a] plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair." Id. To survive a motion to dismiss, a plaintiff must state specific facts to plausibly raise a bad faith claim. See Padilla v. State Farm Mut. Auto. Ins. Co., 31 F. Supp

---

[2] Plaintiffs claim that they do not need to prove bad faith by clear and convincing evidence at the pleading stage. (See Doc. No. 21 at ¶ 24, 33.) In support of this claim, Plaintiffs rely on 1009 Clinton Properties, LLC v. State Farm Fire and Casualty Company, 2019 WL 1023889, *4 (E.D. Pa. March 4, 2019). In this case, the court said that it "must do away with a robotic reading of Twombly and Iqbal and instead use its common sense when addressing whether a bad faith claim can survive a motion to dismiss." Id. However, numerous cases since that ruling have not employed this standard. See, e.g., Cappuccino, 2020 WL 2307340, at *3 (E.D. Pa. May 8, 2020); Shetayh v. State Farm Fire & Cas. Co., 2020 WL 1074709, at *3 (E.D. Pa. Mar. 6, 2020); Clapps v. State Farm Ins. Co., 447 F. Supp. 3d 293, 298-99 (E.D. Pa. Mar. 19, 2020). In this spirit, this Court will not apply the 1009 Clinton standard. To plausibly state a claim of bad faith, a plaintiff must plead with clear and convincing evidence the elements of the statute. Toner v. GEICO Ins. Co., 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017).

3d 671, 677 (E.D. Pa. 2014) (holding that a plaintiff plausibly stated a bad faith claim because he pled specific facts about his communication with the insurer).

Courts in the Third Circuit regularly dismiss bad faith claims when the complaint lacks specific factual details and consists only of "bare-bones allegations." See MBMJ Props., LLC v. Millville Mut. Ins. Co., Civil Action No. 18-5071, 2019 WL 1651667, *5 (E.D. Pa. April 17, 2017); Cappuccino v. State Farm Fire & Cas. Ins. Co., Civil Action No. 19-3025, 2020 WL 2307340, *3 (E.D. Pa. May 8, 2020). For example, in MBMJ Props., LLC v. Millville Mut. Ins. Co., the plaintiffs included a similar list of bare-bone allegations of bad faith in their complaint. MBMJ Props., 2019 WL 1651667 at *5. These claims included allegations of "forwarding correspondence . . . representing to Plaintiff . . . that his claim was not . . . covered under Defendant's policy of insurance" and "not having a reasonable basis for denying Plaintiff's benefits under the policy . . ." Id. at *4-5. This Court held that the plaintiffs "based their bad faith claim solely on conclusory allegations that are insufficient to withstand Defendant's Motion to Dismiss." Id. at *6. As an example, the plaintiffs averred that the defendant "failed to promptly and thoroughly investigate their claim," but did not include facts to support this allegation. Id. The plaintiffs did not plead "(1) the timing of the alleged investigation . . ., (2) the methods and procedures by which the investigation was conducted, or (3) the length of the investigation from start to finish." Id. Consequently, this Court concluded that the plaintiffs' claims were insufficient to raise a plausible bad faith claim. Id.

In Cappuccino, the court dismissed a similar list of bare-bones allegations. Cappuccino, 2020 WL 2307340 at *3. The plaintiffs claimed that the defendant "flatly misrepresent[ed] pertinent facts or policy provisions relating to coverages at issue." Id. However, the plaintiffs failed to elaborate on what the misrepresentations were. Id. (quoting Smith v. State Farm Mut.

Auto. Ins. Co., 506 F. App'x 133, 136 (3d. Cir. 2012)). Accordingly, the court found these claims insufficiently specific to plausibly raise a bad faith claim. Id.

Plaintiffs' claims in the Second Amended Complaint resemble those of MBMJ Props. and Cappuccino. Like the plaintiffs in MBMJ Props., Plaintiffs allege Defendant "failed to complete a prompt and thorough investigation of Plaintiff's claim before representing that such claim is not covered under the Policy, despite being provided sufficient evidence by Plaintiff and their agent, Craig Mutchnick, to support coverage for the claim." (Doc. No. 15 at ¶ 18.) This statement fails to allege (1) the timing of the alleged investigation, (2) the methods and procedures of the investigation, and (3) the length of the investigation from start to finish. See MBMJ Props., 2019 WL 1651667, at *6. While Plaintiffs included Craig Mutchnick's name in the SAC, Mutchnick being their own claims adjuster, they do not allege any details regarding the "sufficient evidence" Craig Mutchnick provided. Therefore, this claim fails to plead bad faith with the requisite specificity.

In addition, like the plaintiffs in Cappuccino whose bad faith allegations did not survive the motion to dismiss, Plaintiffs' allegations are insufficient to survive Defendant's Motion to Dismiss. For example, Plaintiffs allege that Defendant "flatly misrepresented pertinent facts or policy provisions relating to coverages at issue . . . in Defendant's October 5, 2023, letter to Plaintiff." (Doc. No. 15 at ¶ 18.) However, Plaintiffs have failed to specify what the alleged misrepresentations were. See Cappuccino, 2020 WL 2307340, at *3 (granting motion to dismiss when plaintiffs accused defendant of misrepresenting policy provisions without detailing the specific misrepresentations). While including the date of correspondence does add some specificity to Plaintiffs' claim, Plaintiffs fail to allege what misrepresentations were made or how such misrepresentations amounted to bad faith.

Moreover, Plaintiffs argue that the Second Amended Complaint includes additional facts which suffice to survive a motion to dismiss. (See Doc. No. 15.) These additional facts include references to "agent Craig Mutchnick" and the dates of correspondence. (Id. at ¶¶ 14, 18.) However, these amendments are insufficient to meet the statutory pleading requirements of a bad faith claim. See Klinger, 115 F.3d at 233; Toner, 262 F.Supp.3d at 208. Here, Plaintiffs have merely inserted these basic facts into existing conclusory statements from their original Complaint. (See Doc. No. 15 at ¶ 18.) For example, the original Complaint accuses Defendant of "failing to complete a prompt and thorough investigation of Plaintiff's claim before representing that such a claim is not covered under the policy." (Doc. No. 1. at 6.) The SAC contains identical language, with the addition of "despite being provided sufficient evidence by Plaintiff and their agent, Craig Mutchnick, to support coverage for this claim."[3] (Doc. No. 15 at ¶ 18.) In addition, the original Complaint alleges that Defendant "assert[ed] Policy defenses without a reasonable basis in fact." (Doc. No. 1 at 6.) The SAC includes the same language, with the addition of a reference to a letter: "including but not limited to Defendant's October 5, 2023, letter to Plaintiff." (Id. at ¶ 18.)

In pleading bad faith, Plaintiffs must "describe who, what, where, when, and how the alleged bad faith conduct occurred." Mattia v. Allstate Ins. Co., No. CIV.A. 14-2099, 2014 WL 2880302, *4 (E.D. Pa. June 14, 2014) (quoting Miracle Temple Christian Acad. V. Church Mut. Ins. Co., No. 12-995, 2012 WL 1286751, at *4 (E.D. Pa. Apr. 16, 2012)). While Plaintiffs have included descriptions of the parties and dates involved, these additional details do not meet the

---

[3] Plaintiffs similarly inserted Stuart Anderson's name into the existing conclusory statements of the original Complaint, Anderson being Defendant's agent. The original Complaint states that "Defendant, acting by and through its duly authorized agents, servants, workmen or employees has engaged in the following conduct…" (Doc. No. 1. at 6.) The Second Amended Complaint includes the same language, with the addition of the phrase "including but not limited to Stuart Anderson, Claim Specialist …" (Doc. No. 15 at ¶ 18.) This addition is insufficient to plausibly state a bad faith claim and survive a motion to dismiss.

required specificity to allege how the Defendant acted in bad faith. Moreover, Plaintiffs have not pled facts showing that Defendant lacked a reasonable basis for denying benefits or knowingly disregarded its lack of a reasonable basis, as required by statute. See Mattia, 2014 WL 2880302, at *4. Without additional facts regarding the investigation, correspondence between the parties, or unreasonable conduct, "the Court cannot infer bad faith" on the Defendant's part. Id. at *5. Consequently, the Court will grant the Defendant's Motion to Dismiss Count II of the SAC.

### B. Plaintiff will be Granted Leave to Amend

Plaintiff will be granted leave to amend Count II of the Second Amended Complaint by filing a Third Amended Complaint, if they deem it necessary. Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004). To that end, the Third Circuit has held that "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.'" Lundy v. Adamar of N.J., Inc., 34 F.3d 1173, 1196-97 (3d. Cir. 1994) (quoting Bechtel v. Robinson, 886 F.2d 644, 652-53 (3d Cir. 1989)).

Here, the Court is satisfied that affording Plaintiffs another opportunity to file a Third Amended Complaint would not cause undue or substantial prejudice to Defendant. The case was removed to this Court February 5, 2024 and is still in its early stages. Therefore, allowing Plaintiffs another chance to amend the Second Amended Complaint would not significantly delay the process of litigation. Accordingly, the Court will grant Plaintiffs leave to amend the SAC. If Plaintiffs are unable to allege plausible facts underlying their claim of bad faith, then the SAC should not be amended.

## V. CONCLUSION

For the foregoing reasons, the Motion to Dismiss Count II of the Second Amended Complaint (Doc. No. 18) will be granted. The Court will dismiss Count II of the Second Amended Complaint without prejudice. Plaintiffs shall file a Third Amended Complaint, if deemed appropriate, pursuant to Federal Rule of Civil Procedure 15(a) by August 20, 2024. An appropriate Order follows.